(Cuyahoga County, Ohio, Common Pleas.)

## JENKS, BARNER & CO., v. CORA L. KRESS, ET AL.

*Contractor's Mechanics Lien under statute of 1894 valid—*It is only as to subcontractors' liens that the statute of 1894 is unconstitutional.

(Decided January 30, 1897.)

---

DISSETTE, J.

The plaintiffs bring their action against Cora L. Kress and Frederick A. Kress et al., for the purpose of enforcing and collecting the sum of One Hundred and Eighteen and 20-100 ($118.20) Dollars, with interest from the 2nd day of January, 1896, by the foreclosure of a mechanic's lien which they claim was assigned to them. They say, in substance, that in and by virtue of a written contract made between defendants and Cora L. Kress and one William B. Furgeson, dated September 27, 1895, Furgeson was to erect and construct a certain building on certain property described, for the said Cora L. Kress and her husband Frederick A. Kress, and that there is due the said sum of $118.20 on that contract, with interest from the 2nd day of January, 1896; that on the 27th day of February, 1896, the said Furgeson sold and assigned all his right and interest in said account to the plaintiffs. They say, as a second cause of action, that said Furgeson, on the 9th day of March, 1896, and within four months

from the time of the performance of labor, filed with the recorder an affi-
davit containing an itemized statement of the value of the labor and
materials furnished, with credits and endorsements thereon, together with
the time when said account should have been paid, and a description of
said lands on which said building was erected, and a copy of the aforesaid
contract for the construction of said building, and that the same was duly
recorded. That on the 27th day of February, 1896, the lien of said Fur-
geson, or the lien which he claimed to have, was duly assigned to plain-
tiffs; and they now ask for a judgment against the defendant Cora L.
Kress and her husband Frederick A. Kress, for the sum of $118.20 afore-
said, with interest from January 2, 1896, and for the sale of said lands,
enforcement of the lien, and payment of plaintiff's claim, and for such
other and further relief as they may be entitled to.

To the second cause of action of this petition, Cora L. Kress and her
husband, Frederick A. Kress, file their demurrer for the reason that it
does not state facts sufficient to constitute a cause of action.

It will be seen that the lien here claimed is the lien of the original
contractor, and that it is for a balance due on the final payment of the
amount claimed in the contract.

The mechanic's lien law has been the subject of a great deal of liti-
gation quite recently, and our Supreme Court has passed its judgment
upon that portion of it which was amended April 13th, 1894; and since
that decision it has been a serious question with the lawyers and the
courts whether the whole mechanics' lien law had been wiped out by the
Supreme Court. Those legislative amendments sought to introduce into
the mechanic's lien law a right to give a lien on the property of the owner,
to sub-contractors, laborers, and those who furnished machinery and
materials for the construction of a building by the owner under a contract
between the principal contractor and the owner. It will be noticed that
in that legislation, section 3158 of the Revised Statutes, as it stood before
the act of 1894, was not interfered with in any way except by making a
supplemental section thereto. Section 3158 is the section which provides
for the manner in which the principal contractor may obtain a lien upon
the premises of the owner, and it remains just the same as it as before
the act of 1894. There would be no doubt in the mind of any person
carefully reading this section and the decision of the Supreme Court,
together with the legislation of 1894, that the legislation did not interfere
with the lien of the principal contractor, if it were not that section 3184
had been amended and this act passed upon by the Supreme Court.

Section 3184 may be said to be the section that defines who may
obtain a lien under this law. It was so amended and enlarged as to pro-
vide that the sub-contractors, laborers, material men and persons fur-
nishing machinery, having no contract relations with the owner, might
obtain a lien upon the owner's property, and by the legislation of 1894,
this original section 3184 was repealed; and it is now contended that the
decision of the Supreme Court referred to, having declared that section
unconstitutional, leaves that entire section 3184 as amended, repealed,
and that no person now, neither contractor nor anyone else, can obtain
a mechanic's lien, as the section providing and defining who may obtain
a mechanic's lien as it originally stood has been repealed, and the one
that was substituted by the legislature in its place has been declared un-
constitutional. This, I think, is giving to the decision of the Supreme
Court a broader effect than the Supreme Court intended.

Referring to the syllabus of the decision of the Supreme Court, we
find in paragraph four this language:

[COPYRIGHT, 1897, BY CARL G. JAHN.

"The act of April 13th, 1894, 91 Ohio Laws, 135, in so far as it gives a lien upon the property of the owner to sub-contractors, laborers and those who furnish machinery and materials or title to the contractor, is unconstitutional and void. All to whom the contractor becomes indebted in the performance of his contract, and are bound by the terms of the contract between him and the owner."

So that the Supreme Court has carefully guarded its decision, and has defined the limits of its operation. The act is not, as a whole, declared unconstitutional, but only in so far as it does those things which the court determines to be unconstitutional. The act, then, as amended, still provides for the lien of the principal contractor, and I am held to conclude that it is still in force for the purpose of giving the principal contractor a right to perfect the lien under section 3185. The demurrer, therefore, must be overruled.

W. M. Reynolds, for Plaintiff.

Dickey, Brewer & McGowan, for Defendant.